# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | ) ) | Case No. 19-11626 (KG) |
| Debtors. | ) ) ) | (Jointly Administered) |
| PES HOLDINGS, LLC, *et al*, CORTLAND CAPITAL MARKET SERVICES, LLC, | ) ) ) ) |  |
| Plaintiffs, | ) ) | Adv. Pro. No. 19-50282 (KG) |
| v. | ) ) |  |
| ICBC STANDARD BANK PLC, | ) ) ) |  |
| Defendant. | ) ) |  |

## DEBTORS' MOTION FOR ENTRY OF
## AN ORDER AUTHORIZING THE DEBTORS TO FILE
## UNDER SEAL CERTAIN EXHIBITS TO THEIR ADVERSARY COMPLAINT

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")[2] state as follows in support of this motion (the "<u>Motion</u>"):

**Relief Requested**

1. The Debtors seek entry of an order (the "<u>Order</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**: (a) authorizing the Debtors to file under seal certain exhibits

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jeffrey S. Stein, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 32] (the "<u>First Day Declaration</u>"), filed substantially contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**Error! Unknown document property name.**

(Exhibits A, I and J) to the Debtors' and Cortland Capital Market Services, LLC's ("Cortland") *Complaint* [Adv. Proc. Docket No. 1] (the "Adversary Complaint")[3]; (b) directing that the applicable exhibits shall remain under seal and confidential and not be made available to anyone without the express consent of the Debtors, except to (i) the Court, (ii) the United States Trustee for the District of Delaware (the "U.S. Trustee"), and (iii) the advisors to the Official Committee of Unsecured Creditors (the "Committee") if and when they are appointed in the Debtors' chapter 11 cases on a confidential, "professionals' eyes only" basis, and (c) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[3] Terms not otherwise defined herein shall have the same meanings ascribed to them in the Adversary Complaint.

**Basis for Relief**

5. Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.* Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

7. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *accord In re Global Crossing, Ltd.*, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003). Put otherwise, section 107(b) of the

Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

8. "Commercial information"—"information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

9. Here, the applicable exhibits (Exhibits A, I and J) to the Adversary Complaint that the Debtors seek to seal contain sensitive commercial information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code. In particular, Exhibits A, I and

J contain highly confidential contractual terms. A broad publication of this information would be inappropriate and materially harmful to the Debtors and their creditors who are parties to the agreements found in Exhibits A, I and J. This information is not public, and disclosure of this commercial information could cause significant economic harm to the Debtors and their estates.

10. Because Exhibits A, I and J contain highly confidential and sensitive commercial information, the Debtors submit that they should be authorized to file those exhibits under seal. The Debtors submit that other parties in interest will not be materially prejudiced because the unredacted exhibits will be reviewed by the Court, the U.S. Trustee, and the Committee.

### Notice

11. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) the administrative agent under the Debtors' prepetition first lien term loan facility and counsel thereto; (d) the lenders under the Debtors' prepetition first lien term loan facility and counsel thereto; (e) Merrill Lynch Commodities, Inc. and counsel thereto; (f) NGL Energy Partners LP and counsel thereto; (g) the lenders under the Debtors' prepetition promissory note and counsel thereto; (h) counsel to ICBC Standard Bank Plc; (i) the lenders under the Debtors' debtor-in-possession financing facility and counsel thereto; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

12. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: August 7, 2019<br>Wilmington, Delaware | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>James E. O'Neill (DE Bar No. 4042)<br>Peter J. Keane (DE Bar No. 5503)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:   (302) 652-4100<br>Facsimile:    (302) 652-4400<br>Email:           ljones@pszjlaw.com<br>                    joneill@pszjlaw.com<br>                    pkeane@pszjlaw.com<br><br>- and -<br><br>Edward O. Sassower, P.C.<br>Steven N. Serajeddini (admitted *pro hac vice*)<br>Matthew C. Fagen (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           edward.sassower@kirkland.com<br>                    steven.serajeddini@kirkland.com<br>                    matthew.fagen@kirkland.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |