**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| PES HOLDINGS, LLC, *et al.*, CORTLAND CAPITAL MARKET SERVICES, LLC, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. 19-50282 (KG) |
| v. | ) |
| | ) |
| ICBC STANDARD BANK PLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEBTORS' MOTION FOR ENTRY**
**OF A SCHEDULING ORDER IN CONNECTION WITH**
**THE INSURANCE PROCEEDS ADVERSARY PROCEEDING**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2]

state as follows in support of this motion (this "Motion")[3]:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jeffrey S. Stein, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 32] (the "First Day Declaration"), filed substantially contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

[3] Shortly following the filing of this Motion, the Debtors will file a motion requesting that the Court schedule a hearing to consider the Motion on shortened notice and establish an appropriate deadline by which any response to this Motion must be filed and served (the "Motion to Shorten").

## Basis for Relief

1.      By this Motion, the Debtors seek entry of a scheduling order, substantially in the form attached hereto as **Exhibit A** (the "Order"), in connection with the Debtors' and Cortland Capital Market Services, LLC's ("Cortland") *Complaint* [Adv. Proc. Docket No. 1] (the "Adversary Complaint").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9013 and 9014.

## Background

5.      Headquartered in Philadelphia, Pennsylvania, the Debtors are owners and operators of the largest oil refining complex on the United States Eastern seaboard and have been continuously operating in some form for over 150 years.  The refining complex sits on an approximately 1,300 acre industrial site roughly 2.5 miles from downtown Philadelphia.  It is

2

comprised of two separate refineries that had a combined distillation and refining capacity of 335,000 barrels of crude oil per day.  On June 21, 2019, one of the Debtors' two refineries experienced a catastrophic fire and explosion that ultimately precipitated the Debtors' chapter 11 filings.

6.      On July 21, 2019 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 23, 2019, the Court entered an order [Docket No. 72] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.  On August 5, 2019, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

7.      On July 23, 2019, the Court entered the *Interim Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 75] (the "Interim DIP Order"), approving, among other things, the Debtors' superpriority senior secured debtor in possession term loan facility (the "DIP Facility") and the consensual use of cash collateral (the "Cash Collateral").[4]

---

[4]    Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to them in the Interim DIP Order.

8.      Pursuant to the Interim DIP Order, the occurrence of the following event constitutes an Event of Default that terminates the rights of the Debtors to use the Cash Collateral:

> the Debtors have not: (a) filed a motion seeking entry of the Insurance Proceeds Order, within 21 calendar days after the entry of the Interim [DIP] Order; and/or (b) obtained entry of the Insurance Proceeds Order, within 90 calendar days after the entry of the Interim [DIP] Order.

Interim DIP Order § 19(c)(xii).

9.      Accordingly, the Interim DIP Order requires the Debtors to obtain entry of an order on or before October 21, 2019, determining that the June 21 Insurance Proceeds constitute "Term Loan Priority Collateral" (the "Insurance Proceeds Order").  *See* Interim DIP Order § 5(d), DIP Mot. Ex. A § 16.

10.     As such, contemporaneously with the filing of this Motion, the Debtors, along with Cortland, have filed the Adversary Complaint seeking entry by the Court of the Insurance Proceeds Order (the "Insurance Proceeds Litigation").

## The Proposed Order

11.     In an effort to achieve an efficient resolution of the Insurance Proceeds Litigation, the Debtors propose the following briefing schedule (the "Proposed Schedule").  The Debtors submit that the Proposed Schedule provides parties a fair and reasonable timeline for litigating the Insurance Proceeds Litigation and allows the Debtors to seek entry of the Insurance Proceeds Order within the timeline contemplated under the Interim DIP Order.

- **Wednesday, August 21, 2019, at 10:00 a.m., prevailing Eastern Time**, shall be the date on which the Court holds a hearing on the Motion, subject to approval of the Motion to Shorten.

- **Monday, September 9, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which ICBC Standard Bank Plc's ("ICBCS") answer to the Adversary Complaint shall be filed.

4

- **Thursday, September 12, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which the Debtors may file a dispositive motion (a "<u>Dispositive Motion</u>").

- **Thursday, September 26, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which ICBCS may file an opposition to the Dispositive Motion, if any.

- **Thursday, October 3, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which the Debtors may file a reply in support of their Dispositive Motion, if any.

- **Tuesday, October 15, 2019, at 10:00 a.m., prevailing Eastern Time**, shall be the date on which the Court holds a final hearing on the Adversary Complaint and Dispositive Motion, if any.

## <u>Basis for Relief</u>

12.     Under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see, e.g.*, *Official Comm. of Unsecured Creditors of Cybergenics Corp v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) ("[T]he courts are able to craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain."); *see also In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997) ("Section 105 grants broad powers to bankruptcy courts to implement the provisions of Title 11" including authority to issue orders to prevent unnecessary proceedings). Overall, the power granted to the Court by section 105 of the Bankruptcy Code provides the "basis for a broad exercise of power in the administration of a bankruptcy case." *In re Casse*, 198 F.3d 327, 336 (2d Cir. 1999) (citation omitted).

13.     The Proposed Schedule regarding the Adversary Complaint and related briefings provides an adequate timeline for the effective and successful resolution of the Insurance Proceeds Litigation, in conformity with the provisions of the Interim DIP Order. *First*, the Proposed Schedule provides defendant ICBCS 33 days to file an answer to the Adversary

Complaint—which (assuming a summons is timely issued) is no less time than ICBCS would have had to answer under Bankruptcy Rule 7012(a), which requires a defendant to respond to a complaint within 30 days of the issuance of the summons.

14.     ***Second***, the Proposed Schedule appropriately provides for a swift turn to adjudication of this matter on the merits following the filing of the answer.  As outlined more extensively in the Adversary Complaint, the only dispute this Court need resolve in the Insurance Proceeds Litigation is which of the Debtors' creditor—the Term Loan Lenders or ICBCS—has first priority rights with respect to the proceeds of the Debtors' business interruption insurance under the terms of the operative Intercreditor Agreement.[5]  This is purely a legal question revolving around the interpretation of the relevant contract, which means this dispute can be resolved via a motion for judgement on the pleadings.  *See Ion Wave Techs., Inc. v. SciQuest, Inc.*, 21 F. Supp. 3d 376, 379 (D. Del. 2014) (granting "request for judgment on the pleadings" where motion required the "Court to interpret [contractual] agreement as a question of law"); *State Bank of India v. Walter E. Heller & Co., Inc.*, 655 F. Supp. 326, 327 (S.D.N.Y. 1987) (holding that "issues of contract interpretation are questions of law" that "are properly disposed of through a motion for judgment on the pleadings").  It is therefore not necessary to build any time for discovery into the Proposed Schedule, and the Debtors propose to file a Dispositive Motion 3 days after ICBCS files its answer.[6]  ICBCS would then have 14 days to respond, which is similar to the time allowed by the Local Rules.  *See* Del. Bankr. L.R. 7007-1(a)(ii).

---

[5]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Adversary Complaint.

[6]     ICBCS has previewed to the Debtors that they believe discovery may be necessary in this Insurance Proceeds Litigation.  But ICBCS will experience no prejudice if the Proposed Schedule is approved as-is.  If the Court ultimately agrees with ICBCS, presumably in the course of denying the Debtors' Dispositive Motion, on the grounds that this matter involves something *other* than a pure legal dispute regarding the terms of the Intercreditor Agreement, the case would proceed and ICBCS could then seek discovery.  The Debtors, however, would be prejudiced by the burden and delay associated with a longer schedule and extensive discovery given the legal nature of the dispute.

DOCS_DE:224900.1 70753/001

15.     Ultimately, the Proposed Schedule is essential because it enables the Debtors to resolve the Insurance Proceeds Litigation within the time limit set under the Interim DIP Order. Pursuant to the Interim DIP Order, if the Debtors fail to obtain entry of the Insurance Proceeds Order on or before October 21, 2019, the Debtors will be in default and their rights to the use of Cash Collateral will terminate.  The use of such Cash Collateral plays a vital role in the Debtors' value-preservation efforts to ensure public safety and maximize value for all parties in interest. Accordingly, it is imperative that the Court holds a final hearing and enters an order on the Adversary Complaint on or before October 21, 2019.  To the extent the Proposed Schedule deviates from otherwise applicable rules and orders, the Debtors submit that such variations are warranted to promote efficient use of estate assets and judicial resources and comply with the Interim DIP Order.  Accordingly, the Debtors respectfully request that the Court enter the Order.

### CERTIFICATION OF COUNSEL PURSUANT TO L.R. 7026-1(d)

16.     Pursuant to Local Bankruptcy Rule 7026-1(d), the Debtors have met-and-conferred and will continue to do so with ICBCS in an effort to reach agreement on a schedule prior to the hearing on the Motion.

### Notice

17.     The Debtors will provide notice of this Motion to:  (a) the U.S. Trustee for the District of Delaware; (b) counsel for the Official Committee of Unsecured Creditors; (c) the administrative agent under the Debtors' prepetition first lien term loan facility and counsel thereto; (d) the lenders under the Debtors' prepetition first lien term loan facility and counsel thereto; (e) Merrill Lynch Commodities, Inc. and counsel thereto; (f) NGL Energy Partners LP and counsel thereto; (g) the lenders under the Debtors' prepetition promissory note and counsel thereto; (h) counsel to ICBC Standard Bank Plc; (i) the lenders under the Debtors' debtor-in-possession financing facility and counsel thereto; (j) the United States Attorney's

7

Office for the District of Delaware; (k) the Internal Revenue Service; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

18.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 7, 2019
Wilmington, Delaware

*/s/ Peter J. Keane*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              pkeane@pszjlaw.com
              joneill@pszjlaw.com

- and -

Edward O. Sassower, P.C.
Steven N. Serajeddini (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              steven.serajeddini@kirkland.com
              matthew.fagen@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*