# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-11626 (KG) |
| Debtors. | ) ) ) | (Jointly Administered) |
| PES HOLDINGS, LLC, *et al*, CORTLAND CAPITAL MARKET SERVICES, LLC, | ) ) ) ) |  |
| Plaintiffs, | ) ) | Adv. Pro. No. 19-50282 (KG) |
| v. | ) ) |  |
| ICBC STANDARD BANK PLC, | ) ) ) |  |
| Defendant. | ) ) |  |

## DEBTORS' MOTION TO SHORTEN
## NOTICE AND SCHEDULE HEARING WITH RESPECT TO
## THE DEBTORS' MOTION FOR ENTRY OF A SCHEDULING ORDER IN
## CONNECTION WITH THE INSURANCE PROCEEDS ADVERSARY PROCEEDING

The above-captioned debtors and debtors in possession, as plaintiffs in the above-captioned adversary proceeding (collectively, the "Debtors" or "Plaintiffs"), file this motion (the "Motion") for entry of an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), substantially in the form attached hereto as **Exhibit A**, shortening the notice period and scheduling a hearing with respect to the *Debtors' Motion for Entry of a Scheduling Order in Connection With the Insurance Proceeds Adversary Proceeding* [Adv. Pro. Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

KE 63342571

No. 5] (the "Scheduling Motion"), filed on August 7, 2019.[2] In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  This is a core proceeding under 28 U.S.C. § 157(b).

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(e).

### Relief Requested

5.  By this Motion, the Debtors request, pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Scheduling Motion so that the Scheduling Motion may be heard at the "second day" hearing currently scheduled for August 21, 2019, at 10:00 a.m., prevailing Eastern Time, with responses,

---

[2] Capitalized terms not otherwise defined in this Motion shall have the meanings given in the Scheduling Motion.

if any, to be filed by August 16, 2019, at 12:00 p.m., prevailing Eastern Time, and replies, if any, to be filed by August 19, 2019, at 4:00 p.m., prevailing Eastern Time.

### Basis for Relief

4. Local Rule 7007-1(a) provides, in relevant part, that:

(a) Deviation From Rules Governing Adversary Proceedings.

    (i) Any party seeking relief that deviates in any manner from, or proposes additional obligations or procedures set forth in, the Federal Rules of Civil Procedure, the Fed. R. of Bankr. P., the District Court Rules, or the Local Rules governing Adversary Proceedings (the "Rules Governing Adversary Proceedings"), except a motion limited to a request for additional time to affect service of process under the applicable Rules, shall file a motion identifying with specificity the following:

        (A) Each instance in which the relief sought by and through such motion deviates from, or seeks procedures or obligations in addition to, any of the Rules Governing Adversary Proceedings; and

        (B) The good faith reason(s) the movant seeks to deviate from, or seeks procedures or obligations in addition to, such Rules Governing Adversary Proceedings.

    (ii) Any motion for relief brought pursuant to this Local Rule by the party initiating an adversary proceeding shall be served on all parties to the adversary proceeding in accordance with the service requirements of these Local Rules and the Federal Rules of Bankruptcy Procedure, and shall not include an objection deadline earlier than the date by which the party is required to answer, move or otherwise respond to the complaint.

    (iii) Any motion brought pursuant to this Local Rule shall be scheduled to be heard by the Court no earlier than the initial scheduling conference for the affected adversary proceeding. (See also Del. Bankr. L.R. 7016-1)

Del. Bankr. L.R. 7007-1(a).

5. As set forth in the Scheduling Motion, the Debtors are seeking to establish certain procedures and deadlines for litigation commenced through the *Complaint* [Adv. Pro. Docket

No. 1] (the "Adversary Complaint") filed by the Debtors and Cortland Capital Market Services, LLC in this adversary proceeding.

6.  Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

7.  As stated in more detail in the Scheduling Motion, the Debtors seek to expedite the Court's consideration of the Scheduling Motion so that the litigation on the Adversary Complaint can proceed expeditiously, in conformity with the Interim DIP Order. Absent expedited consideration of the Scheduling Motion, the Debtors would be forced to wait until the defendants are required to answer before any objections are due, and no hearing would be scheduled until the initial scheduling conference. *See* Local Rule 7001-1(a)(ii), (iii). The schedule proposed in the Scheduling Motion is aimed at providing the parties with sufficient time to litigate all issues arising under the Adversary Complaint and the Dispositive Motion while also enabling the Debtors to resolve the Insurance Proceeds Litigation within the time limit set under the Interim DIP Order, as described in the Scheduling Motion. The Debtors submit that having the Scheduling Motion heard sooner will allow the adversary proceeding to proceed quickly and permit the Debtors to litigate the Adversary Complaint in compliance with the Interim DIP Order, to the benefit of their stakeholders.

8.  For these reasons, the Debtors request that the Court shorten the notice required for the hearing on the Scheduling Motion so that the Scheduling Motion may be heard at the hearing scheduled for August 21, 2019, at 10:00 a.m., prevailing Eastern Time, with responses, if

any, due August 16, 2019 at 12:00 p.m., prevailing Eastern Time, and replies, if any, to be filed by August 19, 2019, at 4:00 p.m., prevailing Eastern Time.

### Local Rule 9006-1(e) Averment

9. Pursuant to Local Rule 9006-1(e), Debtors' counsel conferred with the Office of the United States Trustee for the District of Delaware (the "UST") and with counsel to the Official Committee of Unsecured Creditors (the "UCC") regarding the Motion. The UST and counsel to the UCC have indicated that they have no objection to the Motion.

### Notice

10. The Debtors will provide notice of this Motion to the following parties or their counsel, if known, by email, hand delivery, fax or overnight mail: (a) the office of the U.S. Trustee for the District of Delaware; and (b) all defendants in this adversary proceeding (collectively, the "Notice Parties"). After entry of an Order on this Motion, the Debtors will serve notice of the hearing on the Scheduling Motion on the Notice Parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: August 12, 2019<br>Wilmington, Delaware | */s/ Laura Davis Jones* |

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400
Email:         ljones@pszjlaw.com
                   pkeane@pszjlaw.com
                   joneill@pszjlaw.com

- and -

Steven N. Serajeddini (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:         steven.serajeddini@kirkland.com
                   matthew.fagen@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*