IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PES HOLDINGS, LLC, et al.,[1]<br><br>                                      Debtors. | Chapter 11<br><br>Case No. 19-11626 (KG)<br><br>(Jointly Administered) |
| PES HOLDINGS, LLC, et al., CORTLAND CAPITAL MARKET SERVICES, LLC,<br><br>                                      Plaintiffs,<br>v.<br>ICBC STANDARD BANK PLC,<br><br>                                      Defendant. | Adv. Pro. No. 19-50282 (KG) |

**AGREED SCHEDULING ORDER IN CONNECTION WITH
THE INSURANCE PROCEEDS ADVERSARY PROCEEDING**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases for entry of an order (this "Order") scheduling certain dates and deadlines to govern the conduct of the above-captioned adversary proceeding; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the parties having conferred and agreed; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following schedule shall govern the Insurance Proceeds Litigation:

   - **Monday, September 9, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which ICBCS's answer to the Adversary Complaint, and counterclaims, if any, shall be filed.

   - **Monday, September 16, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which the Debtors' and Cortland Capital Market Services, LLC's (together with the Debtors, the "Plaintiffs") answer to any ICBCS's counterclaims, if any, shall be filed.

   - **Thursday, September 19, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which the Plaintiffs and ICBCS may each file a Dispositive Motion.

   - **Tuesday, October 15, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which the Plaintiffs and ICBCS may file an opposition to the Dispositive Motion filed by ICBCS and the Plaintiffs, respectively.

   - **Monday, October 28, 2019, at 4:00 p.m., prevailing Eastern Time**, shall be the date by which the Plaintiffs and ICBCS may file a reply in support of their respective Dispositive Motions.

   - **Wednesday, November 6, 2019, at 10:00 a.m., prevailing Eastern Time, or as soon thereafter as the parties may be heard**, shall be the date on which the Court holds a hearing on the Dispositive Motions.

   **In the event that the Court determines that it is unable to adjudicate the Adversary Complaint or Counterclaims (if any) without discovery, the parties shall meet and confer regarding an appropriate schedule for discovery and trial.**

2. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

3.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 21st, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE