**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*, | Case No. 19-11626 (KG) |
| Debtors.[1] | (Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PES, INC., | |
| Intervenor-Defendant and Counterclaim and Cross-Claim Plaintiff, | |
| v. | Adv. Pro. No. 19-50282 (KG) |
| PES HOLDINGS, LLC, *et al.*, and CORTLAND CAPITAL MARKET SERVICES, LLC, | |
| Plaintiffs and Counterclaim Defendants, | |
| and | |
| ICBC STANDARD BANK PLC, | |
| Defendant, Cross-Claim Defendant, and Counterclaim Plaintiff. | |

## ANSWER

Intervenor-Defendant and Counterclaim and Cross-Claim Plaintiff, the Official

Committee of Unsecured Creditors (the "Committee"), duly appointed in the above-captioned

chapter 11 cases (the "Chapter 11 Cases") of PES Holdings, LLC ("PES") and the affiliated

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

debtors (collectively, the "Debtors"), by and through undersigned counsel, hereby answers the counterclaim (the "ICBCS Counterclaim") [D.I. 25] filed by ICBC Standard Bank PLC ("ICBCS") against PES and Cortland Capital Market Services, LLC ("Cortland"):

## ANSWER

The Committee does not respond to the headers used in the ICBCS Counterclaim. The use in this Answer of the headers used in the ICBCS Counterclaim is done solely for convenience, and in no way constitutes an admission of any allegation contained in such headers. With respect to each of the numbered paragraphs of the ICBCS Counterclaim, the Committee answers as follows. The Committee denies any and all allegations that are not expressly admitted.

1.     Paragraph 1 consists of characterizations that are not factual allegations, such that no response is required. Paragraph 1 also consists of legal argument to which no response is required. To the extent that any response is required, the Committee denies the allegations.

2.     To the extent that paragraph 2 purports to quote, paraphrase, or characterize a document, the document speaks for itself. Further answering, the Committee admits that the business interruption insurance policy and the proceeds thereof are intended to compensate the Debtors for the loss of business income during the covered period. The Committee denies the remainder of the allegations in paragraph 2.

3.     To the extent that paragraph 3 purports to quote, paraphrase, or characterize a document, the document speaks for itself. The Committee denies the remainder of the allegations in paragraph 3.

4.     Paragraph 4 consists of characterizations that are not factual allegations, such that no response is required. To the extent that any further response is required, the Committee lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies them.

5.      To the extent that paragraph 5 purports to quote, paraphrase, or characterize a document, the document speaks for itself.  To the extent that any further response is required, the Committee lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.      Paragraph 6 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 6 also consists of legal argument to which no response is required.  To the extent that any further response is required, the Committee lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies them.

## JURISDICTION AND VENUE

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Paragraph 11 consists of ICBCS's consent to entry of final orders, and no response is required.

12.     Admitted.

13.     Admitted.

## THE PARTIES

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.    Admitted.

## **FACTUAL BACKGROUND**

18.    To the extent that paragraph 18 purports to quote, paraphrase, or characterize a document, the document speaks for itself.  To the extent that any further response is required, the Committee lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies them.

19.    The Committee lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.    To the extent that paragraph 20 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

21.    To the extent that paragraph 21 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

22.    Admitted.

23.    To the extent that paragraph 23 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

24.    To the extent that paragraph 24 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

25.    To the extent that paragraph 25 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

26.    To the extent that paragraph 26 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

27.    To the extent that paragraph 27 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

28.    To the extent that paragraph 28 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

29.    To the extent that paragraph 29 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

30.    To the extent that paragraph 30 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

31.    To the extent that paragraph 31 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

32.    To the extent that paragraph 32 purports to quote, paraphrase, or characterize a document, the document speaks for itself.  Further answering, the Committee admits that the business interruption insurance policy is intended to compensate the Debtors for the loss of business income during the covered period, which commences 60 days after a covered event and, on the facts and circumstances of this case, more than 30 days after the commencement of these Chapter 11 Cases.  The Committee denies the remainder of the allegations in paragraph 32.

33.    To the extent that paragraph 33 purports to quote, paraphrase, or characterize a document, the document speaks for itself.  The Committee denies the remainder of the allegations in paragraph 33.

34.    To the extent that paragraph 34 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

35.    Admitted.

36.    Admitted.

37.    To the extent that paragraph 37 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

38.    To the extent that paragraph 38 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

39.    Admitted.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

40.    The Committee repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

41.    Admitted.

42.    Admitted.

43.    To the extent that paragraph 43 purports to quote, paraphrase, or characterize a document, the document speaks for itself.    The Committee denies the remainder of the allegations in paragraph 43.

44.    Paragraph 44 is a prayer for relief and does not contain factual allegations, such that no response is required.

### SECOND CAUSE OF ACTION
### (Declaratory Judgment)

45.    The Committee repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

46.    Admitted.

47.    To the extent that paragraph 47 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

48.    To the extent that paragraph 48 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

49.    To the extent that paragraph 49 purports to quote, paraphrase, or characterize a document, the document speaks for itself.

6

50.    Paragraph 50 is a prayer for relief and does not contain factual allegations, such that no response is required.

### **PRAYER FOR RELIEF**

The Committee denies that ICBCS is entitled to any of the relief sought in the ICBCS Counterclaim.  Upon resolution of the Committee's Counterclaim and Cross-Claim [D.I. 24], the Committee requests that the Court award the relief set forth in that Counterclaim and Cross-Claim and any other relief the Court deems just and appropriate.

Dated:  September 24, 2019

**ELLIOTT GREENLEAF, PC**
*/s/ Jonathan M. Stemerman*
Rafael X. Zahralddin-Aravena (No. 4166)
Jonathan M. Stemerman (No. 44510)
1105 North Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Email:  rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com

and

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Max D. Schlan (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email:  rstark@brownrudnick.com
mschlan@brownrudnick.com

and

Steven B. Levine (admitted *pro hac vice*)
James W. Stoll (admitted *pro hac vice*)
Sharon I. Dwoskin (admitted *pro hac vice*)
One Financial Center
Boston, MA  02111
Telephone: (617) 856-8200
Email:  slevine@brownrudnick.com
jstoll@brownrudnick.com
sdwoskin@brownrudnick.com
*Counsel to the Official Committee of*
*Unsecured Creditors*